United States District Court
Southern District of Texas
**ENTERED**
May 25, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| DANIELY ALEXANDRA PEREZ-BETANCOURT § § § | |
| Movant, § | CIVIL ACTION NO. 7:16-CV-00616 |
| V. § | CRIM ACTION NO. 7:13-CR-00799-01 |
| § | |
| UNITED STATES OF AMERICA | |
| Respondent. | |

## REPORT & RECOMMENDATION

Movant, Ms. Daniely Alexandra Perez-Betancourt, a federal prisoner proceeding pro se, filed a motion to vacate or correct sentence pursuant to 28 U.S.C. § 2255. (Civ. Dkt. No. 1). On April 3, 2017, Respondent filed a motion to dismiss. (Civ. Dkt. No. 4). On May 23, 2017, Movant filed a response to Respondent's motion. (Civ. Dkt. No. 5). This case was referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636(b).

In her motion, Movant seeks for the Court to reduce her sentence by applying a minor role reduction pursuant to U.S.S.G § 3B1.2(b). Movant argues that the sentence reduction is appropriate in light of the United States Sentencing Commission's Amendment 794, which amended the commentary to U.S.S.G. § 3B1.2, citing *United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016). Unfortunately for Movant, her Amendment 794 claim cannot be successfully raised in a § 2255 motion.

After a careful review of the record and relevant law, the undersigned recommends that Movant's § 2255 motion (Civ. Dkt. No. 1) be **DENIED** and Respondent's motion to dismiss (Civ. Dkt. No. 4) be **GRANTED**. It is further recommended that Movant's § 2255 motion be **DISMISSED** with prejudice, and the case be closed.

## BACKGROUND AND PROCEDURAL HISTORY

On May 28, 2013, Movant was charged with a four-count indictment for: (1) knowingly and intentionally conspiring to import into the United States from the United Mexican States five kilograms or more of a mixture or substance containing a detectable amount of cocaine; (2) knowingly and intentionally importing into the United States from the United Mexican States about sixteen kilograms or more of a mixture or substance containing a detectable amount of cocaine; (3) knowingly and intentionally conspiring to possess with the intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine; and (4) knowingly and intentionally possessing with the intent to distribute about sixteen kilograms or more of a mixture or substance containing a detectable amount of cocaine. (Crim. Dkt. No. 8). Movant pleaded guilty to Count Two (the importation count) of the Indictment on July 11, 2013, pursuant to a plea agreement. (Crim. Dkt. Data Entry, dated July 11, 2013; Crim Dkt. No. 16).

Movant was sentenced utilizing the 2012 United States Sentencing Commission Guidelines Manual ("U.S.S.G."). (Crim. Dkt. No. 21 at 5, ¶ 14). In calculating her total offense level under the Guidelines, Movant started with a base offense level of 32 under U.S.S.G. § 2D1.1(a)(5).[1] (Crim. Dkt. No. 28 at 1). After receiving a 2-level reduction under U.S.S.G. § 2D1.1(b)(16) and a 3-level reduction for acceptance of responsibility under U.S.S.G §§ 3E1.1(a) and (b), Movant's Sentencing Guideline imprisonment range, based on a total offense level of 27 and a criminal history category of I, was 70 to 87 months. (Crim. Dkt. No. 28 at 1; Crim. Dkt. No. 21 at 6, ¶ 21). On September 26, 2013, the Honorable U.S. District Judge Micaela Alvarez sentenced Movant to 70 months' confinement and imposed no term of supervised release. (Crim. Dkt. Data Entry, dated September 26, 2013; Crim. Dkt. No. 27).

---

[1] According to the Drug Quantity Table, under § 2D1.1(c)(4) least 15 kilograms of cocaine but less than 50 kilograms of cocaine establishes a base offense level of 34. The court adjusted the base level to 32 pursuant to § 2D1.1(a)(5).

Movant did not appeal. Movant filed two motions for modification of sentence pursuant to § 3582(c) based on Amendment 782 of the Sentencing Guidelines. (Crim. Dkt. No. 29, 30). Those motions were subsequently denied on January 6, 2017 (Crim. Dkt. No. 34). Movant filed this § 2255 motion on October 14, 2016,[2] outside of the one-year period of limitation associated with the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). She is scheduled to be released from the custody of the Federal Bureau of Prisons ("BOP") on June 7, 2018.

## TIMELINESS

Movant's motion under 28 U.S.C. §2255 is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). Before AEDPA, criminal defendants could file motions attacking their conviction and sentence under 28 U.S.C. § 2255 at any time. After AEDPA, by contrast, motions under § 2255 are subject to a one-year limitations period. 28 U.S.C. § 2255(f).

The one-year statute of limitations began to run on the date Movant's conviction in the underlying criminal case became final. The judgment of conviction and sentence was imposed on September 26, 2013. Movant did not appeal; therefore her conviction and sentence became final on the date such time for appeal expired. *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008). On October 10, 2013, Movant's conviction and sentence became final when the fourteen-day period for filing a notice of appeal expired. Fed. R. App. P. 4(b)(1)(A).

Movant's motions to reduce her sentence pursuant to § 3582 did not toll the statute of limitations. Section 2255 does not contain the same tolling provisions as state habeas petitions

---

[2] "[P]ro se prisoners' filings are governed by the mailbox rule. Thus, they are deemed 'filed as soon as the pleadings have been deposited into the prison mail system.' " *Medley v. Thaler*, 660 F.3d 833, 835 (5th Cir. 2011). This date is taken from Movant's "Certificate of Service," where she states under the penalty of perjury that her motion was placed in the prison mailbox. (Civ. Dkt. No. 1 at 5).

filed under 28 U.S.C. §§ 2244 and 2254. Additionally, § 3582(b) specifically states that "[n]otwithstanding the fact that a sentence . . . can . . . be . . . modified pursuant to the provisions of [18 U.S.C. § 3582(c),] a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes." 18 U.S.C. § 3582(b)(1). Therefore, Movant's one-year period of limitations expired on October 10, 2014.[3] Movant filed this § 2255 motion on October 14, 2016, well outside of the one-year period of limitation.

Movant asserts that because Amendment 794 did not go into effect until November 1, 2015, her petition is timely because her one-year period of limitations did not expire until November 1, 2016. (Civ. Dkt. No. 1 at 4). Movant most likely refers to § 2255(f)(3), which provides that the one-year period to timely file a § 2255 motion may begin to run from the date on which the "right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Amendment 794 is not a right newly recognized to cases on collateral review, and therefore § 2255(f)(3) does not apply.

Movant's petition is untimely and therefore procedurally barred. Even if Movant's § 2555 motion were not time barred, Movant would not be able to show that she is entitled to relief, as described below.

## SUMMARY OF THE PLEADINGS

Pending before the Court is Movant's § 2255 motion, where Movant's sole ground is that she should be resentenced, with a mitigating role adjustment under U.S.S.G. § 3B1.2. (Civ. Dkt. No. 1). Movant believes that she is entitled to this sentencing reduction under Amendment 794 of the Sentencing Guidelines and *United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir.

---

[3] The AEDPA one-year period of limitation is calculated by not counting the day of the event from which the designated period of time begins to run, or in other words, by using the "anniversary date." *Flanagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998).

2016) (holding Amendment 794 applies retroactively to direct appeals), asserting that her "role was minor compared to others" because she "didn't receive a greater amount of the spoils, nor did she had direct contact with the higher up[s], therefore qualifying her . . . for consideration." (*Id.* at 2).

## APPLICABLE LAW & ANALYSIS

### I. *Legal Standard.*

A § 2255 motion is the primary means of collateral attack on a federal sentence. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quotation omitted). There are four cognizable grounds upon which a federal prisoner can bring a § 2255 motion to vacate, set aside, or correct a sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C.A. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). Finally, Movant has the burden of establishing her claims by a preponderance of the evidence. *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980).

### II. *Movant's Reliance on the Amendment 794 and Quintero-Leyva Is Without Merit.*

Amendment 794 went into effect on November 1, 2015, over two years after Movant was sentenced. Section 3B1.2 directs the courts to subtract four levels from the base offense if the defendant was a minimal participant in the criminal activity, to subtract two levels if the defendant was a minor participant, and to subtract three levels if the defendant falls in between a

minimal and a minor participant. U.S.S.G. § 3B1.2 (U.S. Sentencing Comm'n 2015). Before the amendment, the commentary to § 3B1.2 provided that the mitigating role adjustment is available to any defendant whose level of participation made one less culpable than the average participant in the criminal activity. U.S.S.G. § 3B1.2 cmt. 3(A) (2014). Amendment 794 did not change the text of § 3B1.2; however, it did amend the application notes by adding a non-exhaustive list of factors and providing other language for the district court to consider when determining whether to apply § 3B1.2. *United States v. Gomez-Valle*, 828 F.3d 324, 329 (5th Cir. 2016). Agreeing with the Ninth Circuit's decision in *Quintero-Leyva*, the Fifth Circuit also held that Amendment 794 was a clarifying amendment and thus retroactively applicable to cases on direct appeal. *United States v. Sanchez-Villarreal*, 857 F.3d 714, 720-21 (5th Cir. 2017); *United States v. Huff*, 370 F.3d 454, 465–66 (5th Cir. 2004) ("[O]n direct appeal we may consider an amendment to . . . the relevant guideline . . . if it is intended to clarify application of a guideline and was not intended to make any substantive changes to [it] or its commentary.") (internal quotes omitted). As such, this amendment applies to offenses before the date on which it became effective.

However, Movant has raised her Amendment 794 claim in a collateral proceeding under § 2255. As noted above, she did not challenge the denial of a minor-role reduction on direct appeal. The undersigned has found no case law supporting Movant's contention that her claim can be brought in a collateral proceeding. A court's technical application of the Sentencing Guidelines does not raise an issue of constitutional dimension for purposes of relief sought under § 2255. *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998); *United States v. Samuels*, 59 F.3d 526, 528 (5th Cir. 1995) ("Challenging a conviction and sentence with a section 2255 motion is 'fundamentally different from a direct appeal.' "). In other words, claims of misapplication of the Guidelines are not cognizable under § 2255. *United States v. Guerrero*,

691 F. App'x 179, 179 (5th Cir. 2017) (citing *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999)); *Vaughn*, 955 F.2d at 368. "Non-constitutional errors may not be raised in a section 2255 petition unless the defendant demonstrates that 'the error could not have been raised on direct appeal, and if condoned, would result in a complete miscarriage of justice.' " *Samuels*, 59 F.3d at 528. On the other hand, if the issue could have been raised on direct appeal, the Movant may not proceed without "showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir. 1992). The fundamental miscarriage of justice exception requires showing that a constitutional violation "probably resulted in the conviction of one who is actually innocent, [such that] a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Schlup v. Delo*, 513 U.S. 298, 321 (1995).

In her response to Respondent's motion to dismiss, Movant acknowledges that the "Motion can be filed but only if the Movant can show cause for not bringing the claim about by a direct appeal and the Movant must show actual prejudice resulting from the claim. Movant intends to show both later in this response." (Civ. Dkt. No. 5 at 1). Movant, however, never returns to the issue and does not plead any facts in her response demonstrating cause for the default and actual prejudice. Movant has not demonstrated that she can proceed with this claim on collateral review.

Finally, since Amendment 794 is not listed in § 1B1.10(d) of the Guidelines, Movant is even foreclosed from bringing a 18 U.S.C. § 3582(c)(2) motion to reduce her sentence. *United States v. Zuniga*, 689 F. App'x 342, 343 (5th Cir 2017) (citing *United States v. Jones*, 596 F.3d 276 (5th Cir. 2010)); *United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009). For these reasons, Movant's § 2255 should be denied.

## CONCLUSION

### *Recommended Disposition*

After a careful review of the record and relevant law, the undersigned recommends that Movant's § 2255 motion (Civ. Dkt. No. 1) be **DENIED** and Respondent's motion to dismiss (Civ. Dkt. No. 4) be **GRANTED**. Finally, it is recommended that Movant's § 2255 motion be **DISMISSED** with prejudice, and the case be closed.

### *Certificate of Appealability*

It is recommended that the District Court deny a Certificate of Appealability.

Pursuant to 28 U.S.C. § 2253(c)(1)(A), the movant may not appeal the final order of a habeas corpus proceeding "unless the circuit justice or judge issues a certificate of appealability." The Rules Governing Section 2255 Proceedings instruct that the District Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, The Rules Governing Section 2255 Proceedings. Because it is recommended that Movant's § 2255 motion be dismissed, it must be addressed whether she is entitled to a certificate of appealability (COA).

A movant is entitled to a COA when it can be shown that a reasonable jurist would find it debatable "whether the petition states a valid claim of the denial of a constitutional right" and "whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253(c). Because the undersigned finds that Movant fails to meet this threshold, it is recommended that the District Court deny a COA.

Accordingly, Movant is not entitled to a COA.

*Notice to the Parties*

Within fourteen days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. 28 U.S.C. § 636(b)(1)(C); Federal Rules of Civil Procedure, Rule 72(b). Failure to file written objections within fourteen days after service shall bar an aggrieved party from de novo review by the District Court on an issue covered in this report and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of clear error or manifest injustice.

The clerk of this court shall forward a copy of this document to the parties by any receipted means.

SIGNED this 25th day of May, 2018, at McAllen, Texas.

J. SCOTT HACKER
United States Magistrate Judge